UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 1:14-cr-46 |
| v. | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| DEON LAMONT PHILLIPS, | ) | |
| Defendant. | ) | |
| | ) | |

## Opinion

This matter is before the Court on Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 73.)

Defendant first claims he was improperly sentenced based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and its alleged application to the career-offender enhancement of the Sentencing Guidelines. However, the Supreme Court has since concluded that the vagueness analysis of the Armed Career Criminal Act's residual clause in *Johnson* does not apply to the Guidelines. *Beckles v. United States*, 137 S. Ct. 886 (2017).

Defendant also argues that his counsel was constitutionally ineffective on two grounds. First, Defendant alleges that his counsel was ineffective because he failed to challenge whether Defendant's 2004 conviction for conspiracy to deliver a controlled substance could be a predicate offense for career offender scoring. Second, in Defendant's view, the nine-month sentence imposed for his 2004 conviction was insufficient to be considered a predicate offense for career offender purposes.

However, Defendant is precluded from collaterally attacking his conviction and sentence by virtue of his plea agreement. Even if he were not precluded, his arguments do not meet the high bar necessary for relief under Section 2255. Therefore, the Court will deny Defendant's motion.

I.  Background

On August 1, 2014, Deon Lamont Phillips pled guilty to a charge of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. (ECF No. 38 at PageID.74–77.) Pursuant to the plea agreement, a second count was dismissed and Defendant agreed to waive an appeal and collateral attack. (*Id.* at 78, 80.)

The Probation Department prepared a presentence report recommending that Phillips be sentenced as a career offender based on: (1) a 1997 conviction for conspiracy to deliver less than 50 grams of cocaine, (2) a 2004 conviction for conspiracy to deliver less than 50 grams of cocaine, and (3) a 2011 conviction for fleeing and eluding in the fourth degree. (ECF No. 49.) Based on these convictions, the Probation Department calculated Phillip's career offender guidelines to be level 31 with a criminal history category of VI, for a guidelines range of 188–235 months. (*Id.* at PageID.136.) Phillip's counsel objected that the 1997 conviction was too old to be included in career offender scoring and fleeing and eluding was not a crime of violence. (ECF No. 52.) The Court denied the objections and sentenced Phillips to 188 months.

Phillips then filed a notice of appeal. (ECF No. 65.) His counsel filed a motion to withdraw and an *Anders* brief after concluding that the appeal was without merit. Phillips responded to the *Anders* brief, arguing, as he has here, that the 2004 conspiracy conviction

2

was not a controlled substance offense, and second, that the fleeing and eluding conviction was void in light of *Johnson*. *United States v. Phillips*, No. 14-2621 (6th Cir. Aug. 6, 2015).

The Sixth Circuit granted counsel's motion to withdraw and affirmed Phillips' sentence. *United States v. Phillips*, No. 14-2621 (6th Cir. Oct. 7, 2015). The court first addressed the Phillips' waiver of appeal and collateral attack as part of the plea agreement. After reviewing the circumstances, the court concluded that the waiver was enforceable. *Id.* at 3. The court went on to conclude that the 2004 conviction was appropriately counted because a conviction for conspiracy to commit a controlled substances crime is itself considered a controlled substances crime for career offender purposes. *Id.* at 5. The court concluded that the sentence imposed was valid—although the fleeing and eluding conviction may not have been a crime of violence—because Phillips still had two other qualifying predicate offenses. The court declined to consider Phillips' ineffective assistance of trial counsel claims.

Defendant now returns with the same or nearly the same arguments: (1) *Johnson* invalidates the residual clause under the career offender enhancement of the Guidelines; (2) his counsel was ineffective for not challenging whether the 2004 conspiracy conviction could be scored as a controlled substance predicate offense; and (3) counsel was ineffective because he failed to challenge the 2004 conviction on the grounds that the term of imprisonment was too short to qualify as a predicate offense.

II. Legal Framework

To obtain relief under § 2255, a petitioner must show: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was

3

without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

One constitutional defect claimed here is a violation of the Sixth Amendment's guarantee of effective assistance of counsel. U.S. Const. amend. VI. The standard for ineffective assistance of counsel, as established in *Strickland v. Washington*, requires a petitioner to prove (1) that defense counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the unprofessional errors, the outcome of the proceedings would have been different. 466 U.S. 668, 694 (1984). Either prong may be addressed first, and the failure to demonstrate prejudice obviates the need for the court to address the counsel performance prong, and vice versa. Id. at 697. The burden is on Phillips to prove that his counsel provided ineffective assistance by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

When considering whether counsel's performance fell below an objective standard of reasonableness, courts must "apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Premo v. Moore*, 562 U.S. 115, 122 (2011) (citing *Strickland*, 466 U.S. at 688). The petitioner has the burden to show that counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

To establish ineffective assistance, the petitioner must show that his counsel's representation was incompetent under prevailing professional norms, not merely that it deviated from best practices or common custom, and that the conduct was not sound trial

4

strategy. Strickland, 466 U.S. at 690. Courts must be highly deferential and consider what the circumstances of the attorney's conduct at the time of the performance, not with the benefit of hindsight. Id. at 689. It is especially difficult to challenge strategic decisions made after a thorough investigation of the relevant law and facts; such decisions are "virtually unchallengeable." *Rayborn v. United States*, 489 F. App'x 871 (6th Cir. 2012) (citing *Strickland*, 466 U.S. at 690). Defendants cannot compel their attorneys to assert even non-frivolous arguments if counsel decides not to press those points as a matter of professional judgment. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

III. Discussion

At the outset, the Court agrees with the Government that Defendant's collateral attack is barred by the terms of his plea agreement. In paragraph 13 of the plea agreement, Defendant agreed to "waive[] the right to challenge [his sentence] and the manner in which it was determined in any collateral attack including . . . a motion brought under Title 28 United States Code, Section 2255 . . . ." (ECF No. 38 at PageID.80.) Waiver provisions in plea agreements—including waivers of collateral attack—are valid in the 6th Circuit. *See, e.g., Hardin v. United States*, 595 F. App'x 460, 461 (6th Cir. 2014) (citing *United States v. Toth*, 668 F.3d 374, 377-78 (6th Cir. 2012). In fact, the Sixth Circuit specifically evaluated the terms and circumstances of Defendant's waiver and found it to be knowing and voluntary. *United States v. Phillips,* No. 14-2621, at 3 (6th Cir. Oct. 7, 2015). Accordingly, the Court concludes that it is bound by the Sixth Circuit's determination; Defendant waived his right to file a § 2255 motion and is precluded from pursuing this matter. *See Hanover Ins. Co. v. American Engineering Co.*, 105 F.3d 306, 312 (6th Cir. 1997) ("Issues

decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case."); *United States v. Baxter*, 2013 WL 157751, at *2 (E.D. Ky. Jan. 15, 2013) (applying law of the case doctrine to enforce collateral attack waiver). However, even assuming that Defendant's waiver of collateral attack was invalid, he would still be unable to succeed.

Should a reviewing court disagree with the conclusion that Defendant waived his right to collaterally attack his conviction, the Court takes up Defendant's contention that *Johnson* invalidated the residual clause of the career offender enhancement in the United States Sentencing Guidelines. He argues that because *Johnson* struck down the residual clause of the Armed Career Criminal Act for vagueness, 135 S. Ct. 2551, 2557 (2015), and the residual clause under the career offenders enhancement used identical language, so the career offender enhancement is also void. U.S.S.G. § 4B1.2(a)(2) (2004).

The Supreme Court has rejected this argument. In *Beckles v. United States*, the Supreme Court concluded the vagueness analysis in *Johnson* does not apply to the advisory Sentencing Guidelines—including Section 4B1.2(a)(2). *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Moreover, Defendant has two prior convictions for enumerated felonies under the controlled substance offense clause. As such, even if *Johnson* applied to the Sentencing Guidelines, it would not apply in the instant case. Therefore, Defendant's first claim is meritless.

Defendant's ineffective assistance of counsel arguments are equally unavailing. To raise a valid claim for ineffective assistance of counsel under the Sixth Amendment, Phillips must show: (1) that his counsel's performance fell below an objective standard of

reasonableness (i.e., was professionally deficient); and (2) there is a reasonable probability that, but for the unprofessional errors, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Goff v. Bagley*, 601 F.3d 445, 462 (6th Cir. 2010).

Defendant's first claim for ineffective assistance of counsel fails because he cannot show that his attorney fell below objective standards of reasonableness nor that his counsel had any adverse effect on his defense. *Strickland*, 466 U.S. at 693. He asserts that his counsel should have challenged the use of his 2004 conspiracy conviction as a predicate offense because "proof of a conspiracy is not essential to the underlying conduct in and of itself." (ECF No. 73 at PageID.373.) The Court understands this assertion to mean that Defendant challenges whether the conspiracy to deliver cocaine was a controlled substances predicate offense. However, as the Sixth Circuit noted on direct appeal, "Conspiracy to commit a controlled substance offense is also considered a controlled substance offense" under the Guidelines. *United States v. Phillips*, No. 14-2621, at 6 (6th Cir. Oct. 7, 2015) (citing U.S.S.G § 4B1.2 cmt. n.1). Therefore, counsel could not have fallen below objective standards of performance when he did not challenge whether the 2004 conviction for conspiracy was a controlled substance offense because the argument is foreclosed by the Guidelines themselves.

Finally, Defendant's third theory—that his 2004 conviction carried a sentence below the threshold for scoring it under the career offender enhancement—is also without merit. The Guidelines require that predicate offenses be crimes "punishable by a term exceeding one year." U.S.S.G. § 4B1.2(a)–(b). That means that the maximum penalty for the crime

7

must be incarceration for more than one year—not that the individual defendant was actually sentenced to a term of more than one year. Defendant pled guilty to conspiracy to deliver less than 50 grams of cocaine in violation of Mich. Comp. Laws 333.7401(2)(a)(iv). That offense carries a maximum of 20 years in prison, which meets the requirement under Section 4B1.2. *See* Mich. Comp. Laws § 333.7401(2)(a)(iv).

There are additional requirements under Section 4A1.2(e) of the Guidelines, based on the date of prior conviction and the length of incarceration. Defendant's conviction fits well within the bounds of this section too. The "one year and one month" rule Defendant describes pertains only to sentences imposed between 10 and 15 years of the date of the instant offense. Any other qualifying conviction that was imposed less than 10 years before instant offense may be counted. U.S.S.G. § 4A1.2(e)(1). Here, Defendant's 2004 conviction was imposed on April 12, 2004. (ECF No. 77-1.) Defendant's instant violation occurred less than 10 years later, as it started on "an unknown date in 2012" and ceased "on or about July 22, 2013." (ECF No.1 at PageID.1.) Accordingly, Defendant's 2004 conviction was properly counted as a predicate felony.

IV. Conclusion

Based on the foregoing, the Court concludes that Defendant's collateral attack on his conviction under Section 2255 is without merit. Even assuming that Phillips' waiver of collateral attack does not foreclose his arguments, they would still fail. His first claim is barred by the Supreme Court's holding in *Beckles*. His second and third claims for ineffective assistance of counsel are meritless because his counsel correctly concluded that his 2004 conspiracy conviction was a controlled substance predicate offense, and thus he could not

8

have fallen below an objective standard of performance when he failed to challenge Phillips' sentence on that ground. The result would be unchanged even if counsel had objected. Therefore, Defendant's claims for ineffective assistance of counsel cannot provide him the relief he seeks.

## ORDER

Accordingly, Defendant's pro se motion to vacate, set aside, or correct his sentence (ECF No. 73) is **DENIED.**

Under 28 U.S.C. § 2253(c), the Court must assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find the Court's assessment of Defendant's claim debatable or wrong. A certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

Dated: September 21, 2017            /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge